UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| STEVE TOLTON and SUE TOLTON, | ) | CIV. 11-5018-JLV |
| | ) | |
| Plaintiffs, | ) | **AMENDED ORDER** |
| | ) | **GRANTING IN PART** |
| vs. | ) | **AND DENYING IN PART** |
| | ) | **PLAINTIFFS' MOTION** |
| JESSE MARTY, | ) | **TO COMPEL** |
| | ) | [DOCKET NO. 12] |
| Defendants. | ) | |

**INTRODUCTION**

Plaintiffs Steve and Sue Tolton, husband and wife, bring this negligence and loss of consortium action against defendant Jesse Marty. The Toltons' claims stem from a February 17, 2009, motor vehicle accident in which Mr. Marty was the driver and Mr. Tolton a passenger. Jurisdiction in this case is premised on the diverse citizenship of the parties. 28 U.S.C. § 1332. The Toltons filed a motion to compel Mr. Marty to respond to certain requests for admission served by the Toltons or to enter an order deeming those requests admitted. See Docket No. 12. The district court, the Honorable Jeffrey L. Viken, referred this motion to this magistrate judge for resolution pursuant to 28 U.S.C. § 636(b)(1)(A).

**FACTS**

The facts which are pertinent to a resolution of the plaintiffs' motion are as follows. Mr. Marty, Steve Tolton's employer, was driving a pickup truck in

which Steve Tolton was a passenger on February 17, 2009. Mr. Marty employed Mr. Tolton as a ranch hand and the two were traveling together to attend a livestock auction. The Toltons allege that Mr. Marty negligently caused injury to Mr. Tolton by losing control of his truck and running it into the Sorum Dam Bridge in Harding County, South Dakota. Among the injuries Mr. Tolton asserts to have been caused by this motor vehicle accident are a cervical fracture dislocation, cervical fractures, soft tissue injuries, and physical and mental pain and suffering. Steve Tolton asserts a negligence claim against Mr. Marty and Sue Tolton asserts a claim of loss of spousal consortium. The Toltons initiated this action on March 7, 2011.

Mr. Marty filed a general answer denying, or asserting that he is without information sufficient to enable him to admit or deny, all of the allegations in the Toltons' complaint. No affirmative defenses were asserted.

On July 5, 2011, the Toltons provided to Mr. Marty all of Steve Tolton's medical records to that date.[1] Those records showed that, prior to the 2009 accident in this case, Mr. Tolton had slipped on ice in January, 2009. Mr. Marty suggests that Mr. Tolton may have injured his neck in this slip-and-fall accident.

---

[1] Mr. Tolton's medical needs are ongoing, so this is not the totality of his medical records.

Mr. Tolton adamantly denies a neck injury in January, asserting that he only twisted his knee and that he is not asserting damages for injury to either of his knees in this case. He asserts that the only pre-existing injuries he had sustained prior to February 17, 2009, were knee and ankle injuries from his participation in rodeo. Mr. Tolton points out that he is not alleging that his knees, ankles, or legs were injured in the motor vehicle accident with Mr. Marty.

After the motor vehicle accident in this case, Mr. Tolton had surgery performed on a fractured vertebral disc in his cervical spine on February 20, 2009. In April, 2009, the hardware that had been surgically placed in Mr. Tolton's cervical spine became displaced, requiring two follow-up surgeries.

On July 11, 2011, the Toltons served Mr. Marty with requests for admissions. These requests in general had to do with the issues of whether Mr. Tolton's medical care was fair, reasonable, and necessary to treat the injuries incurred as a result of the February 17, 2009, accident.

On August 5, 2011, Mr. Marty served the Toltons with his responses to those requests. In the requests, Mr. Marty asserts that he was without sufficient information to be able to admit or deny plaintiffs' requests to admit numbers 2, 4, 6, 8, 10, 12, 14, 16, and 18. In a letter dated August 9, 2011, Mr. Marty's counsel inquired of the Toltons' counsel what work restrictions and future care applied to Steve Tolton's injuries. See Docket No. 15-1.

After receiving Mr. Marty's responses to the Toltons' requests for admission, the Toltons' counsel telephoned the legal assistant to Mr. Marty's counsel stating his position that he believed Mr. Marty's responses were insufficient. Counsel also provided Mr. Marty with legal authority supporting plaintiffs' position. On August 12, 2011, counsel for the Toltons wrote a letter to Mr. Marty's counsel to the same effect. The letter stated the Toltons' intention to file a motion to compel on August 16, 2011, if the matter remained unresolved. See Docket No. 15-2.

Counsel for Mr. Marty then sent a letter to the Toltons' counsel on August 15, 2011. See Docket No. 15-3. In the letter, Mr. Marty's counsel explained that he found he could not admit or deny the admissions because they were not specific enough. He pointed out that the medical records provided to him contained treatment records for many injuries, some in the same doctor visit. He explained that some of these injuries may or may not be all related to the accident. Mr. Marty's counsel suggested that if the Toltons would break their requests to admit down into discrete injuries, then Mr. Marty would "certainly admit" (1) whether a discrete injury was caused by the accident with Mr. Marty and (2) whether the costs associated with treating that injury were reasonable and necessary costs.

No written response from the Toltons' counsel appears in the record. The instant motion was filed on August 18, 2011.

In their motion, the Toltons assert that Mr. Marty has not fulfilled his duty to make reasonable inquiry into information readily available to him. They ask the court to issue an order requiring Mr. Marty to make such inquiry and file amended responses. Alternatively, they ask the court to enter an order deeming the requests admitted.

## DISCUSSION

**A.   Scope of Rule 36**

Rule 36 of the Federal Rules of Civil Procedure allows one party to serve another party with requests to admit certain things. See Fed. R. Civ. P. 36. The rule is "intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties ***or can be ascertained by reasonable inquiry***." United States v. Schiefen, 926 F. Supp. 877, 883 (D.S.D. 1995) (quoting 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2252 (2d ed. 1994)) (emphasis supplied).

Rule 36 provides in pertinent part as follows:

> (a) **Scope and Procedure**
>
> > (1) ***Scope***.  A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
> >
> > > (A) facts, the application of law to fact, or opinions about either; and

>> (B) the genuineness of any described documents.
>
> . . . .
>
> (4) ***Answer***.  If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny ***only*** if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> . . . .
>
> (6) ***Motion Regarding Sufficiency of an Answer or Objection***.  The requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may defer its final decision until a pretrial conference or a specified time before trial.  Rule 37(a)(5) applies to an award of expenses.

See Fed. R. Civ. P. 36(a) (emphasis supplied).

The scope of Rule 36 is limited to those matters which are (1) within the scope of Fed. R. Civ. P. 26(b)(1); and (2) relate to a fact, the application of law to fact, opinions about either, or to the genuineness of a document.  See Fed. R. Civ. P. 36(a)(1)(A), (B).  The scope of Rule 26(b)(1) is broad:

> Unless otherwise limited by court order, the scope of discovery is as follows:  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or

>  defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. . . .

See Fed. R. Civ. P. 26(b)(1). Therefore, requests to admit can be served regarding any matter that is relevant to any party's claim or defense so long as the request relates to a fact, application of law to a fact, opinions about either, or the genuineness of a document. See Fed. R. Civ. P. 36(a)(1).

If the subject matter of a request to admit is proper under Rule 36(a)(1), and the responding party does not admit the request, the responding party must explain *in detail* why it cannot admit the request. See Fed. R. Civ. P. 36(a)(4). If the responding party can affirmatively admit or deny part of a request, he must do so, and then explain–in detail–why he cannot admit the remaining part of the request. Id. Finally, the responding party may not refuse to admit or deny on the basis that it lacks the knowledge to be able to do so unless the responding party also states that it has made reasonable inquiry and was unable to obtain the information that would enable it to admit or deny. Id.

If a party who has served requests to admit is required to file a motion to compel in order to obtain answers to the requests, the provisions of Rule 37(a)(5) are applicable. See Fed. R. Civ. P. 36(a)(6). Rule 37(a)(5) states that if

the court grants a motion to compel, or if the requested discovery is provided after a motion to compel has been filed, "the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." See Fed. R. Civ. P. 37(a)(5) (emphasis supplied). The award of expenses is mandatory unless the court finds that the moving party failed to confer in good faith with the responding party prior to filing the motion, the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust. Id.

With these guidelines in mind, the court turns to an analysis of the requests to admit served by the plaintiffs on defendant in this case.

**B.    Requests to Admit**

Mr. and Mrs. Tolton rely heavily on a previous decision by this court in Kay v. Lamar Advertising, Civ. No. 07-5091, Docket No. 78. In that case, the plaintiffs, husband and wife, were on a motorcycle when they were struck by a truck driven by an employee of Lamar Advertising. The Kays, like the Toltons, asserted negligence claims in this court premised on diversity jurisdiction. The court finds its prior decision in Kay is distinguishable for two reasons.

First, in the Kay case, Mr. and Mrs. Kay filed their motion to compel Lamar to respond to requests to admit after the case had been pending for

some time and both parties had had a fair opportunity to conduct discovery. The motion to compel was filed eleven months after the complaint was filed. See id. at Docket Nos. 1 and 53. In that eleven months, numerous depositions had taken place, including depositions of the plaintiffs and the highway patrol trooper who had responded to the scene of the accident. See id. at Docket Nos. 35-44. In addition, both the defendants and the plaintiffs had designated their experts and provided one another their expert reports. Id. at Docket Nos. 47 and 51. Thus, in the Kay case, plaintiffs requested defendants to make admissions after discovery had matured.

In this case, by contrast, almost no discovery has taken place. Mr. and Mrs. Tolton filed their complaint March 7, 2011. See Docket No. 1. Mr. Marty filed an answer on March 21, 2011. See Docket No. 5. The district court issued its scheduling order on May 19, 2011. See Docket No. 10. The requests to admit which are at issue in this case were served on Mr. Marty on July 11, 2011. The only event that the court can determine that took place in between the filing of defendant's answer and the instant motion to compel is that attorney Timothy Vander Heide made an appearance on behalf of Jesse Marty. No depositions or other discovery appears to have taken place. Mr. and Mrs. Tolton have not had to answer questions about their injuries which they assert were caused by this accident, nor have they answered any questions

about any past injuries and whether effects from those injuries were still lingering at the time of the accident.

Another reason the court finds its prior decision in Kay v. Lamar is distinguishable is the type of injuries involved. Mr. Kay's injuries were not the type of injuries that could have pre-dated the accident: an open, fragmented fracture of his femur and a near-amputation of his right leg. See Kay v. Lamar, Civ. 07-5091, Docket No. 78, page 7 (D.S.D. Dec. 12, 2008). Nor could Mrs. Kay's injuries have pre-dated the accident: a right femur fracture, a right fibula fracture, a right humerus fracture, and a skull fracture with acute epidural hematoma. Id. The fact that Mr. and Mrs. Kay's injuries could not reasonably have been pre-existing injuries was key to the court's decision in the Kay case finding defendants' refusal to admit that those injuries were caused by the accident to be unreasonable. See id. at pages 11-12.

As to a request to admit that Mrs. Kay developed "right arm radial nerve palsy" following the accident, the court found this request to admit to be different from the other laundry list of medical conditions Lamar was asked to admit in that case. Id. at 12.

As to all of the requests to admit–even the injuries that could not possibly have been pre-existing–the Kay court did not immediately deem the requests admitted. Rather, the court directed Lamar to file amended answers describing what steps it took to obtain information that would enable them to

admit or deny the requests and then explain, if they could not admit, why they still could not admit. Id. at 14-15. Remember, in the Kay case, the defendants had at their disposal complete depositions of the plaintiffs, the state trooper, and they had reports from their own experts as well as plaintiffs' experts.

Here, Mr. Tolton's injuries could conceivably have pre-dated his accident. He had a stable fracture/dislocation at the C6-7 vertebrae with an isolated laminar, nondisplaced fracture at C5, neither of which involved his spinal cord. See Docket No. 18-1, page 2. The initial treatment was to prescribe narcotics for pain and to place Mr. Tolton in a neck collar. Id. Surgery was not immediately required for this condition, although he did undergo surgery three days later. See Docket No. 18-2, page 2; Docket No. 18-3, page 1. The plaintiffs also allege that Mr. Tolton sustained soft-tissue injuries in connection with the motor vehicle accident.

Mr. Marty asserts that Mr. Tolton fell on ice a month before the motor vehicle accident. Mr. Marty asserts that the injuries Mr. Tolton attributes to the motor vehicle accident may in fact have predated the accident and been caused by the January ice slip. Mr. Tolton denies this, arguing that he only twisted his knee in the January incident. Neither party has graced the court with copies of Mr. Tolton's medical records from before the instant accident. All the records provided to the court post-date the motor vehicle accident with Mr. Marty.

11

On this record, it is impossible for the court to determine whether it is unreasonable for Mr. Marty to fail to admit or deny the requests submitted to him by Mr. and Mrs. Tolton.  What the court can determine is this:  Mr. Marty has failed to explain the steps he took to try to obtain the information necessary to either admit or deny and then explain in detail why he still was unable to admit or deny.  As to this part of plaintiffs' motion, the court will grant the motion.  As to plaintiffs' request that their requests to admit be deemed admitted, that part of the motion is denied.

This court accordingly grants Mr. and Mrs. Tolton's motion to compel the Mr. Marty to provide amended responses to request to admit numbers 2, 4, 6, 8, 10, 12, 14, 16, and 18..  The court directs Mr. Marty to make a reasonable effort to consult information readily available to them which would enable defendants to either admit or deny the Toltons' requests.  If, after making such inquiry, Mr. Marty still cannot admit or deny a request, then he must:  (1) describe with particularity what steps he took to attempt to obtain the information which would enable him to admit or deny, (2) describe what information he obtained after taking these reasonable steps, and (3) state why the information readily available to him did not enlighten him such that he could either admit or deny the requests.  If Mr. Marty is able to in good faith admit part of a request, he must do so and then explain why he is unable to admit the remainder of the request.

12

The court cautions Mr. Marty to take whatever reasonable steps are available to him to enable him to admit or deny the Toltons' requests to admit. Failure to do so may result in the matters being deemed admitted and Mr. Marty may be required to pay the costs incurred by the Toltons in proving the matters which are the subject of the requests. 8B Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, § 2265, page 401 (3d ed. 2010).

## CONCLUSION

The court grants in part and denies in part plaintiffs' motion to compel in accordance with the above opinion. Defendant Jesse Marty shall serve amended responses to all of plaintiffs' requests to admit within 60 days of this order. Such amended responses shall conform to Fed. R. Civ. P. 36(4). The court is allowing 60 days so that any depositions which Mr. Marty needs to take to reasonably admit or deny the Toltons' requests can be arranged.

Dated October 4, 2011, *nunc pro tunc* October 3, 2011.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE